Diane S. Sykes, OSB No. 980990
diane@dianessykeslaw.com
**Diane S. Sykes,**
**Attorney at Law, P.C.**
5911 SE 43rd Avenue
Portland, Oregon 97206
Telephone: 503-504-7176

Of Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| **NATALIE ERICKSON,** | Case No. 3:15-cv-1672 |
| Plaintiff, | **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF** |
| v. | (42 U.S.C. § 2000e-2(a)(1) and (3)(a)-Sex Discrimination and Retaliation under Title VII of the Civil Rights Act of 1964; and 29 U.S.C. § 2615(a)&(b)-Family Medical Leave Act (FMLA) Discrimination, Retaliation and Interference) |
| **ROBERT A. MCDONALD, SECRETARY, U.S. DEPARTMENT OF VETERANS' AFFAIRS,** | |
| Defendant. | **JURY TRIAL REQUESTED** |

### NATURE OF THE CASE

1.     Defendant U.S. Department of Veterans' Affairs (hereinafter "DVA")

discriminated against plaintiff, Natalie Erickson, a federal employee, on the basis of sex,

pursuant to 42 U.S.C. § 2000e-2(a), and retaliated against plaintiff for invoking anti-

discrimination protections, pursuant to 42 U.S.C. § 2000e-3(a).

///

Page 1     **COMPLAINT**

2.      DVA further violated the federal Family Medical Leave Act (FMLA) by discriminating against plaintiff in terms and conditions of employment, pursuant to 29 U.S.C. § 2615(a)(2), interfered with and retaliated against plaintiff for exercising her right to FMLA, in violation of 29 U.S.C. § 2615(a)(1), and further discriminated against plaintiff for testifying in an inquiry or proceeding about FMLA violations, in violation of 29 U.S.C. 2615(b)(2)&(3).

## JURISDICTION AND VENUE

3.      This court has jurisdiction pursuant to 28 U.S.C. § 1331. This action is authorized and instituted pursuant to 42 U.S.C. § 2000e-16(c), 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 2617(a)(2).

4.      The federal claims herein have substance sufficient to confer subject matter jurisdiction.

5.      Actions complained of herein took place within the jurisdiction of the United States District Court, District of Oregon. Accordingly, venue in this judicial district is proper under 28 U.S.C. § 1391.

6.      Plaintiff has exhausted her administrative remedies as a federal employee with the filing of an agency Formal Complaint of Discrimination (Case No. 200P-0348-2013104294), on October 3, 2013, and by requesting an administrative hearing before the Equal Employment Opportunity Commission (EEOC) (EEOC Case No. 551-2014-00136X) on April 11, 2014. Plaintiff Erickson's Title VII claims are ripe, as a civil action may be filed in U.S. District Court after 180 days from the date of filing a complaint if an appeal has not been filed and a final

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

action has not been taken, pursuant to 29 C.F.R. § 1614.407(b). No final action has been taken

by EEOC.

## PARTIES

7.    Natalie Erickson, (hereinafter "Plaintiff"), is an "individual" and eligible

"employee," pursuant to 42 U.S.C. § 2000e(f), 42 U.S.C. § 2000e-16 and 29 U.S.C. §

2611(2)(A), and sues in her individual capacity. Ms. Erickson resides in Washington County.

8.    At all times material to this complaint, the U.S. Department of Veterans' Affairs

("DVA"), is a federal agency with a principal place of business at 100 S.W. Main Street, Floor 2,

Portland, Oregon, in Multnomah County. DVA is a "person" and "employer," pursuant to 42

U.S.C. § 2000e(a) & (b) and 29 U.S.C. § 2611(4)(A) & (B), and acts through its officers, agents

and employees.

## FACTUAL ALLEGATIONS

9.    On or about April 2012, Plaintiff Natalie Erickson (hereinafter "Erickson") was

hired as a Vocational Rehabilitation and Employment ("VRE") Counselor at the DVA Portland

District Office.

10.    During the relevant periods herein, Plaintiff Erickson's head supervisor was VRE

Chief Fred Coelyn (hereinafter "Coelyn").

11.    On or about October 2012, Coelyn began to engage in inappropriate conduct

towards Erickson, requesting that she provide him with personal items, such as candy, food and

over-the-counter medications, and threatening that the failure to comply with his requests could

affect Erickson's caseload, assignments and leave requests.

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

12.     From approximately July to December 2012, Coelyn applied different terms and conditions to plaintiff's employment, in comparison to her male counterparts, by:

A.  Denying Erickson's request to earn credit-time but allowing her male co-worker to do so;

B.  Calling Erickson and other female employees derogatory names, such as "idiot" and "chunky monkey;"

C.  Threatening Erickson and other female employees that they would not make it past probation, while not making similar threats to male employees under his supervision;

D.  Yelling at Erickson with no justification or provocation; and

E.  Micromanaging Erickson's work, instructing her to consult with only him on cases, and specifically instructing her not to consult with other female employees about the provision of services to veterans, although appropriate to do so in her capacity as a VR&E counselor.

13.     On or about February 12, 2013, Coelyn came into Erickson's office shortly after she disclosed that she was engaged to be married. Coelyn grabbed her hand, held it, pulled her towards him and kissed plaintiff on the cheek.

14.     In March 2013, Coelyn sent plaintiff an e-mail with a frowning face. When she inquired why, he stated "makes you worry about me ☺☺." Coelyn further stated that he liked her.

15.     In April and May of 2013, Coelyn refused to speak to plaintiff, later admitting that he did so because he was angry that plaintiff had reported an incident of workplace violence

Page 4 **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

involving a co-worker to the union, without first consulting him, and accused plaintiff of trying to get him in trouble with the Director.

16.    In June 2013, male co-workers informed plaintiff that when she was hired, Coelyn had made comments to them about his attraction to plaintiff. When introducing plaintiff to these male co-workers for the first time, Coelyn stood behind plaintiff and made inappropriate hand gestures about her appearance.

17.    In June and July 2013, Coelyn persisted in sexually harassing plaintiff by engaging in the following conduct:

A.    Commenting on plaintiff's personal appearance, in front of male co-workers, and frequently commenting on her weight in front of male co-workers;

B.    Whenever plaintiff wore a dress, Coelyn would make comments such as "you look good" and "you smell good" while leering at her; and

C.    Pinching plaintiff on her backside and insisting that plaintiff pinch his stomach and touch his biceps, claiming they were "hard as a rock."

18.    On or about July 25, 2013, a female co-worker reported sexual harassment by Coelyn towards Erickson to defendant's managers.

19.    On or about July 26, 2013, Coelyn was informed by defendants' managers that a sexual harassment complaint had been lodged against Coelyn for his conduct towards Erickson.

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

20.    With defendant' DVA's knowledge and approval, Coelyn, defendant's Human Resources Department and other managers began to retaliate against plaintiff in the following ways:

A.    Calling plaintiff into multiple meetings to question her about the sexual harassment reporting lodged by a fellow co-worker against Coelyn pertaining to Erickson, denying Erickson's union representative to speak during HR meetings and manipulating plaintiff's statements to minimize the discriminatory conduct by Coelyn towards Erickson for an HR report;

B.    Despite having provided Human Resources with a detailed statement written by plaintiff, HR persisted in pursuing Erickson to sign another statement written by HR which was riddled with inaccuracies;

C.    Placing no limitations against Coelyn's contact with Erickson during the pendency of HR's investigation, including an instance where Coelyn barred a male co-worker from entering plaintiff's office while Erickson waited for her union steward to arrive; and

E.    Allowing Coelyn to independently contact male co-workers to inquire about their knowledge of the status of the investigation.

21.    On or about September 3, 2013, Erickson submitted a Family Medical Leave Act (FMLA) request for unpaid medical leave and a telework request to defendant DVA's HR due to health symptoms caused by persistent sexual harassment and retaliation by defendant and to prevent further exposure to such conduct.

Page 6 **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

22.     On or about September 10, 2013, defendants terminated Erickson's computer access to a case management database, CAPRI, which is essential to her job functions. Management reported to staff that Erickson's access was "no longer needed" because her job duties were being transferred to another employee.

23.     On or about September 10, 2013, defendants placed Coelyn on indefinite and involuntary paid leave while forcing plaintiff to take unpaid FMLA leave.

24.     Defendants took no steps to inform plaintiff that Coelyn had been removed from the workplace, averting the need for plaintiff to take unpaid FMLA leave.

25.     On or about September 25, 2013, HR informed Erickson that in order to consider her telework request, Erickson would need to identify herself as a qualified person with a disability.

26.     On or about October 3, 2013, Erickson requested a meeting with then-DVA Director Chris Marshall, with her union representative present. During the meeting, plaintiff stated her desire to return to work free of harassment. She further conveyed her frustration with having to use over one (1) month of unpaid FMLA leave because of defendant DVA's failure to separate her from her harasser or, at the minimum, to approve a telework arrangement instead.

27.     Defendant informed plaintiff that she could not return to work until she had a medical release from her doctor.

28.     On October 4, 2013, Erickson provided defendant DVA with a medical release from her physician which contained a work restriction that Erickson have no further contact with

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

Coelyn.

29.      On October 7, 2013, plaintiff returned to work.

30.      Upon plaintiff's return to work, defendants DVA's HR actively resumed its effort to obtain Erickson's signature on an HR-created declaration.

31.      On or about October 24, 2013, defendant DVA informed Erickson that it intended to bring Coelyn back to work on October 28, 2013.

32.      Defendant DVA attempted to revisit a telework proposal, which would effectively remove plaintiff from the workplace, thereby limiting her ability to access files, databases, co-workers and staff, while allowing her sexual harasser, Coelyn, to return to the workplace instead.

33.      Defendants' supervisors informed Erickson that she would need a full medical work release removing any restrictions on contact with Coelyn.

34.      Plaintiff sought legal counsel due to ongoing sex discrimination and retaliation for asserting anti-discrimination and FMLA protections.

35.      On November 19 and 21, 2014, defendant DVA, via then-Portland District DVA Director Chris Marshall, convened an Administrative Investigation Board (AIB) hearing and compelled plaintiff Erickson to appear and provide testimony, under oath, for six (6) hours, about workplace discrimination and retaliation. The AIB is comprised of a panel of DVA management employees from other states.

36.      In December 2013 and April 2014, defendant continued to retaliate against plaintiff by denying her a step increase due to her FMLA leave, micro-managing her work

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

through "random" audits and claiming that plaintiff had made paperwork errors without basis to do so.

37.    Defendant DVA's discrimination and retaliation against plaintiff is ongoing.

**FIRST CLAIM FOR RELIEF**
**Sex Discrimination under Title VII of the Civil Rights Act of 1964**
(42 U.S.C. § 2000e-2(a)(1))

38.    Plaintiff realleges and incorporate paragraphs 1-37 as if fully stated herein.

39.    Defendants' supervisor Coelyn made unwelcome sexual advances and engaged in verbal and physical conduct towards Erickson which amounts to sexual harassment.

40.    Submission to Coelyn's conduct was both explicitly and implicitly a term and condition of Erickson's employment, as she was in constant fear of termination for raising the sexual harassment.

41.    Defendant's supervisor Coelyn's actions were so severe and pervasive that it impacted Erickson's ability to work and otherwise created a hostile, intimidating and offensive work environment.

42.    Defendant DVA, it managers and agents knew or should have known that supervisor Coelyn treated female employees, including but not limited to plaintiff, in a discriminatory manner based on sex, as compared to their male co-workers, but failed to take prompt and immediate corrective action against Coelyn.

43.    Defendant DVA, its managers and agents knew or should have reasonably known of Coelyn's sexual harassment towards Erickson because of his obvious conduct in the

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

workplace and by the lodging of a sexual harassment complaint by a female co-worker due to her observations of sexual harassment by Coelyn to Erickson. Defendant, again, failed to take prompt and immediate corrective action against Coelyn.

44.      In violation of 42 U.S.C. § 2000e-2(a)(1), defendant DVA intentionally discriminated against Erickson in terms, conditions, privileges and benefits of employment because of her sex.

45.      Pursuant to 42 U.S.C. § 2000e(5), plaintiff is entitled to economic damages, including but not limited to lost earnings and other out-of-pocket expenses, in the amount of $21, 049.00, to date, and which continue to accrue;

46.      Pursuant to 42 U.S.C. § 1981a(a)(1), plaintiff is entitled to compensatory and punitive damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation at an amount determined at trial;

47.      Pursuant to 42 U.S.C. § 2000e(5)(g), plaintiff seeks injunctive relief, including back pay, restoration of leave benefits, equitable and declaratory relief; and

48.      Pursuant to 42 U.S.C. § 2000e(5)(k), plaintiff seeks reasonable attorney fees, costs, expert fees and disbursements.

**SECOND CLAIM FOR RELIEF**
**Retaliation for Exercising Protections under Title VII of the Civil Rights Act of 1964**
(42 U.S.C. § 2000e-3(a))

49.      Plaintiff realleges and incorporate paragraphs 1-43 as if fully stated herein.

Page 10 **COMPLAINT**

50.     After a female co-worker made a report of sexual harassment against defendant's supervisor Coelyn towards Erickson to management and Human Resources, defendant DVA engaged in sustained and intentional discrimination and retaliation towards Erickson.

51.     Defendant DVA called for an investigation by the AIB, a national human resources federal employer association, and required Erickson to testify, under oath, despite her prior submission of statements to defendant DVA and cooperation with multiple requests to meet with Human Resources.

52.     Defendant DVA was also aware of plaintiff's filing of an agency Formal Complaint for sex discrimination and her cooperation in the federal EEO investigation of claims.

53.     Defendant DVA retaliated against Erickson for her participation in EEO-protected activity in the following ways:

A.     Not taking prompt and immediate action to separate Erickson from her harassing supervisor, after full knowledge of the allegations;

B.     Delaying approval of the telework request and ultimately forcing plaintiff to take unpaid FMLA leave in order to ensure separation between herself and her harassing supervisor;

C.     Not advising plaintiff that she could return to work, and avoid further pay loss, because supervisor Coelyn has been placed on paid administrative leave;

D.     Terminating Erickson's computer access, within days of her FMLA leave, and reassigning Erickson's duties to a male co-worker;

Diane S. Sykes, Attorney at Law, P.C.
5911 S.E. 43rd Avenue
Portland Oregon 97206
503-504-7176
diane@dianessykeslaw.com

E.      After returning plaintiff to work, advising plaintiff that she must provide a full medical release, without restrictions on contact with Coelyn, in order to gain approval of her telework request;

F.      Making the decision to return Coelyn to work and pressuring Erickson to accept a telework arrangement;

G.      Denying plaintiff a work bonus due to factoring in plaintiff's FMLA absence; and

H.      Micromanaging plaintiff's work through allegedly random audits.

54.      In violation of 42 U.S.C. § 2000e-3(a), defendant DVA intentionally discriminated against Erickson for opposing defendant's unlawful employment practices and for testifying, assisting and participating in an EEOC investigation.

55.      Pursuant to 42 U.S.C. § 2000e-5, plaintiff is entitled to economic damages, including but not limited to lost earnings and other out-of-pocket expenses, in the amount of $21,049.00, to date, and which continue to accrue;

56.      Pursuant to 42 U.S.C. § 1981a(a)(1), plaintiff is entitled to compensatory and punitive damages for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation for which plaintiff seeks compensation at an amount determined at trial;

57.      Pursuant to 42 U.S.C. § 2000e-5(g), plaintiff seeks injunctive relief, including back pay, restoration of leave benefits, equitable and declaratory relief; and

58.      Pursuant to 42 U.S.C. § 2000e-5(k), plaintiff seeks reasonable attorney fees,

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

costs, expert fees and disbursements.

### THIRD CLAIM FOR RELIEF
Family Medical Leave Act (FMLA) Discrimination
(29 U.S.C. § 2615(a))

59.    Plaintiff realleges and incorporates paragraphs 1-37 & 53 as if fully stated herein.

60.    Due to defendant DVA's failure to take prompt and immediate corrective action against Coelyn, plaintiff was subjected to ongoing sexual harassment and sex discrimination.

61.    Plaintiff Erickson was given no choice but to take unpaid FMLA leave in order to address health conditions stemming from a pervasive hostile work environment and to avoid further contact with her supervisor Coelyn.

62.    Defendant DVA took no steps to remove Coelyn from the workplace until after Erickson was forced to take FMLA leave and failed to inform Erickson that Coelyn was temporarily removed from the workplace on paid leave.

63.    Plaintiff Erickson sought approval of a temporary telework arrangement so that she could continue to perform her job duties remotely. However, defendant delayed approval of the request, causing further financial hardship.

64.    Defendant DVA conditioned plaintiff's return to work on a full medical release without any restrictions against contact against supervisor Coelyn, contrary to her doctor's order.

65.    After defendant DVA made the decision to return supervisor Coelyn to the workplace, defendants actively pursued Erickson to agree to a telework arrangement where she would be permanently removed from the workplace instead of her aggressor.

Page 13 **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

66.     Defendant DVA terminated plaintiff's computer access shortly after she took FMLA and co-workers were informed that her job duties had been reassigned to a male co-worker;

67.     DVA actively discouraged plaintiff Erickson's return to work after FMLA leave, and failed to reinstate her to her former position, with similar terms, conditions, benefits and privileges of employment.

68.     Defendants subsequently used plaintiff's FMLA absence to justify the denial of a bonus.

69.     In violation of 29 U.S.C. 2615(a)(1), defendants interfered with, restrained and denied plaintiff's exercise or attempt to exercise her FMLA rights and protections.

70.     In violation of 29 U.S.C. 2615(a)(2), defendants discriminated against plaintiff for opposing defendant's unlawful FMLA practices.

71.     Pursuant to 29 U.S.C. 2617(a)(1)(A)(i)(1), plaintiff is entitled to wages, salary, restoration of leave benefits and other employment benefits, and other compensation, in the amount of $21,049.00, which was denied or lost due to defendant DVA's FMLA violations;

72.     Pursuant to 29 U.S.C. 2617(a)(1)(A)(i)(3), plaintiff is entitled to an equal amount as liquidated damages;

73.     Pursuant to 29 U.S.C. 2617(a)(1)(B), plaintiff is entitled to equitable relief as may be appropriate; and

74.     Pursuant to 29 U.S.C. 2617(a)(3), plaintiff is entitled to reasonable attorney's

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

fees, expert witness fees and costs.

## FOURTH CLAIM FOR RELIEF
### Family Medical Leave Act (FMLA) Interference
### (29 U.S.C. § 2615(b))

75.    Plaintiff realleges and incorporates paragraphs 1-35, 53 & 60-68 as if fully stated herein.

76.    Plaintiff testified, at length, in an agency EEO investigation, and provided over six (6) hours of testimony to defendant DVA and the AIB, about defendant DVA's FMLA violations during and after her return from medical leave.

77.    Defendant DVA conditioned plaintiff's return to work on a full medical release that would eliminate any restriction limiting contact with supervisor Coelyn, aggressively pursued the telework option only after it made the decision to return Coelyn to work, micromanaged plaintiff's work and denied plaintiff Erickson a merit bonus because of her FMLA leave.

78.    In violation of 29 U.S.C. § 2615(b)(2)&(3), defendant DVA discriminated against Erickson for testifying in an inquiry and/or proceeding about violations of her FMLA rights.

79.    Pursuant to 29 U.S.C. 2617(a)(1)(A)(i)(1), plaintiff is entitled to wages, salary, restoration of leave and other employment benefits and other compensation, in the amount of $21,049.00, which was denied or lost due to defendant DVA's FMLA violations;

80.    Pursuant to 29 U.S.C. 2617(a)(1)(A)(i)(3), plaintiff is entitled to an equal amount as liquidated damages;

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

81.    Pursuant to 29 U.S.C. 2617(a)(1)(B), plaintiff is entitled to equitable relief  as may be appropriate;

82.    Pursuant to 29 U.S.C. 2617(a)(3), plaintiff is entitled to reasonable attorney's fees, expert witness fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to order the following relief:

1.    Assume jurisdiction over each of the causes set forth herein;

2.    On her FIRST claim for relief, Title VII Sex Discrimination and Sexual Harassment, economic losses in the amount of $21,049.00, back pay, compensatory damages, in an amount up to $300,000.00, for loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation and punitive damages in an amount to be determined at trial by a jury;

3.    On her SECOND claim for relief, Title VII Retaliation, economic losses in the amount of $21,049.00, back pay, compensatory damages, in an amount up to $300,000.00, for retaliation for opposing unlawful employment practices, loss of reputation, emotional and mental distress, degradation, embarrassment and humiliation and punitive damages in an amount to be determined at trial by a jury;

4.    On her THIRD claim for relief, FMLA discrimination and interference with rights, an award of wages, salary, employment benefits or other compensation sustained due to defendant's

Page 16 **COMPLAINT**

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**

violations, in the amount of $21,049.00, and an equal amount in liquidated damages, pursuant to

29 U.S.C. § 2617(a)(1).

5.    On her FOURTH claim for relief, FMLA interference with proceedings, an award of

wages, salary, employment benefits or other compensation sustained due to defendant's

violations, in the amount of $21,049.00, and an equal amount in liquidated damages, pursuant to

29 U.S.C. § 2617(a)(1).

6.    Declare that defendant DVA discriminated against plaintiff Erickson, on the basis

of sex, and retaliated against plaintiff Erickson for opposing defendant's unlawful practices;

7.    Declare that defendants discriminated against plaintiff Erickson, under FMLA, in

terms and conditions of employment, for opposing defendant's unlawful FMLA practices and for

testifying about defendant's FMLA violations;

8.    Grant a permanent injunction enjoining defendants, officers, management

personnel, employees, and all persons in active concert or participation with defendant, from

engaging in any employment practice which discriminates on the basis of sex or FMLA, or for

opposing unlawful employment practices on the basis of sex or FMLA, or on such terms as the

court may direct;

9.    Order all appropriate injunctive relief, including a requirement that defendant DVA

to carry out and institute policies, practices, and programs providing for equal employment

opportunities which affirmatively eradicate the effects of past and present unlawful employment

practices, anti-discrimination and FMLA training, restoration of leave benefits and on other such

Page 17 **COMPLAINT**

terms as the court may direct;

10.      Order plaintiff equitable relief, including the expungement of all references to negative retaliatory investigative findings or performance evaluations that are in defendant's personnel file, supervisory file and any other working file;

11.      Award plaintiff reasonable attorney fees, costs of suit and expert witness fees, pursuant to 42 U.S.C. § 2000e(5)(k) and 29 U.S.C. § 2617(a)(3);

12.    Order defendants to pay prejudgment and post judgment interest, as appropriate, on all amounts due to plaintiff as a result of this action; and

13.      Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all questions of fact or combined questions of law and fact raised by this complaint.

Dated this 4th day of September, 2015.

**DIANE S. SYKES, ATTORNEY AT LAW, P.C.**


By:    **_/s/Diane S. Sykes_**_____
Diane S. Sykes, OSB 980990
Of Attorneys for Plaintiff

**Diane S. Sykes, Attorney at Law, P.C.**
**5911 S.E. 43rd Avenue**
**Portland Oregon 97206**
**503-504-7176**
**diane@dianessykeslaw.com**